JAMES ARTHUR CAMP v. STATE.

No. A-9481. May 5, 1939.

(90 P. 2d 453.)

David Tant and Clyde L. Andrews, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, P. J. In the information in this case, filed in the district court of Lincoln county April 10, 1937, James Arthur Camp, Eugene Clark, and Lillie Mae Womack were charged with acting together, on the 9th day of October, 1933, in making an assault upon Clarence Hall, cashier of the Farmers & Merchants Bank of Tryon, Bill Vassar and Arthur McConnell, with a revolver and an automatic pistol by pointing said firearms at said Clarence Hall, Bill Vassar, and Arthur McConnell, and threatening to shoot them, and did then and there by the use of force and putting in fear, by means of the use of said firearms as aforesaid, unlawfully and feloniously and against the will of Clarence Hall and the Farmers & Merchants Bank of Tryon, take, steal, and carry away from the person and immediate presence of said Clarence Hall in said bank $658.54, good and lawful money of the United States, the personal property of the said bank.

Upon his separate trial the jury returned a verdict finding the defendant, James Arthur Camp, "guilty as charged in the information, of robbery with firearms, and assess his punishment at imprisonment in the penitentiary for 25 years."

A motion for new trial was duly filed and overruled.

From the judgment rendered in accordance with the verdict, October 6, 1937, the defendant appealed by filing in this court April 4, 1938, a petition in error with case-made attached.

The errors assigned question the sufficiency of the evidence to support the verdict and judgment of conviction, and alleged errors in the rulings of the court in the admission and rejection of testimony.

The facts, as shown by the testimony of seven witnesses for the state, are that on the morning of October 9, 1933, the Bank of Tryon was robbed. Clarence Hall, cashier, was on duty that morning; Bill Vassar, attorney at law, with office in the rear of the bank, and Arthur McConnell, a customer of the bank, were present when the defendants Camp and Clark, with pistols in their hands, entered the bank and by force and fear took six hundred and some odd dollars from the bank, and forced Hall, Vassar, and Mc-Connell to march out of the bank to their car, parked nearby, with a woman sitting at the wheel. They placed Hall in the front seat, Vassar in the rear seat, and required McConnell to stand on the running board, then drove south from the town. Out in the country they stopped and released Mr. Vassar, now county attorney; at the next stop they told McConnell to return and not look back, and they released Hall before they reached the town of Warwick.

This defendant was positively identified by these three men as one of the men who participated in the robbery.

The defense interposed was that of an alibi.

In felony cases, where the defendant appeals from a judgment of conviction, and no briefs are filed and no appearance for oral argument made when the case is set for submission, we do not consider it the duty of this court to go into a careful examination of the evidence to determine whether or not the trial court erred in its rulings in the

admission or rejection of evidence. However, this court will examine the record for jurisdictional or fundamental errors, and to ascertain if the evidence reasonably supports the verdict and judgment, and if no prejudicial error is apparent, and the evidence is sufficient, the judgment of conviction will be affirmed.

We have given careful examination to the record in this case. It discloses that the trial was in all respects fair, and we are unable to find anything in the record to create a doubt as to the correctness of the result, or warrant us in interfering with the judgment.

The judgment herein against the defendant, James Arthur Camp, is accordingly affirmed.

BAREFOOT and DAVENPORT, JJ., concur.